THE STATE EX REL. OOTEN, APPELLANT, *v.* SIEGEL INTERIOR SPECIALISTS COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Ooten v. Siegel Interior Specialists Co.* (1998), 84 Ohio St.3d 255.]

(No. 96–1421—Submitted December 2, 1998—Decided December 30, 1998.)

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., James A. Whittaker* and *Stephen P. Gast,* for appellant.

*Betty D. Montgomery,* Attorney General, and *C. Bradley Howenstein,* Assistant Attorney General, for appellee.

*Per Curiam.* Wage-loss compensation was denied to claimant because the commission found insufficient evidence of actual wage loss and, alternatively, no causal relationship between the asserted loss and industrial injury. The latter, particularly, presents a novel question of whether the commission abused its discretion in denying wage-loss compensation for lack of a job search to a self-employed claimant. Because we answer this question in the negative, we affirm the judgment of the court of appeals.

Causal relationship is often satisfied by evidence of an unsuccessful search for employment at the pre-injury rate of compensation. While not universally required, mandating a work search under these facts is consistent with our directive to carefully scrutinize alternative employment that is not "regular" full-time work. See *State ex rel. Pepsi–Cola Bottling Co. v. Morse* (1995), 72 Ohio

St.3d 210, 648 N.E.2d 827. This is to ensure that the claimant's job choice was motivated by the injury-induced unavailability of other work and was not a lifestyle choice. *Id.* As the Minnesota Supreme Court noted in a self-employed wage-loss case, "an employer should not be obligated to subsidize an employee indefinitely where an employee undertakes a career of his own choosing for which he may be [ill]-suited." *Hanmer v. Wes Barrette Masonry* (Minn.1987), 403 N.W.2d 839, 840.

The court of appeals, through its magistrate, recognized this when it wrote:

"It is well known, however, that new businesses rarely make a profit in the early stages, for a variety of reasons. The reasons a person experiences a loss of wages may be one or more of the following: inadequate business expertise, misreading the market, lack of adequate financing and cash flow (under-capitalization), poor business decisions, working less than a full-time week, customers that fail to pay debts, ordinary and unexpected start-up costs, etc. Thus, the commission has a far more difficult task in determining whether it was the medical incapacity that was the cause of wage loss. The commission is statutorily required to compensate workers for genuine wage losses but is not required to subsidize private ventures in entrepreneurship and assume the financial risks ordinarily attending such ventures."

In this case, the commission reasoned that claimant never put himself into the labor market long enough to establish that his industrial injury prevented him from securing other employment at the pre-injury rate. The commission, therefore, concluded that considerations other than claimant's industrial injury were the driving factors in claimant's decision to go into business for himself. Similar logic was enunciated by a Florida Court of Appeals in *Wal–Mart v. Ball* (Fla.App.1989), 541 So.2d 752, 755:

"Claimant cannot satisfy her burden by pointing to her new Avon job as proof of the extent to which her injury placed her at a competitive disadvantage in the job market. Indeed, she never placed herself in the job market long enough to permit of [*sic*] such a conclusion. Although she could have established a requisite causal connection through proof of medical limitations and disability without the need for work search * * *, the record is bereft of the evidence that would support such a finding."

Similar evidence is lacking here. Accordingly, we find that the commission did not abuse its discretion in denying wage-loss compensation.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.